IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


UNITED STATES OF AMERICA,
          Plaintiff,

v.                                         Case No. 3:09cv358/WS/EMT

ROBERT W. SMITH,
          Defendant.
_____/

### REPORT AND RECOMMENDATION

The United States of America ("the United States"), invoking the court's jurisdiction pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340, 1345, brings this action against Robert W. Smith ("Smith") to reduce to judgment income tax and trust fund recovery penalty assessments. Smith proceeds pro se.  Due to Smith's pro se status this matter was referred to the undersigned for all preliminary orders and the filing of a Report and Recommendation.  *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).  Now before this court is the United States' Motion for Default Judgment filed pursuant to Federal Rule of Civil Procedure 55(b) (Doc. 12).  For the reasons set forth below, the court recommends that the motion be granted and that default judgment be entered against Smith.

**Background**

The United States initiated this action on August 20, 2009 (Doc. 1), and on October 28, 2009, it filed a two-count amended complaint naming Smith as the sole Defendant (Doc. 4).[1]  In Count I of the amended complaint, which is a claim for unpaid income tax assessments for tax years 2000,

---

[1]  The initial complaint named Nancy E. Smith as a Defendant.  In its amended complaint, noting that Ms. Smith had filed for bankruptcy after the commencement of this action, the United States dismissed without prejudice its claims against her (Doc. 4 at 1).

2001, and 2005,[2] the United States alleges that on certain identified dates a delegate of the Secretary of Treasury assessed income taxes, and related penalties and interest, against Smith based on tax returns he had filed.[3] Despite notices of the assessments and demands for payment, Smith has refused to pay the full amount due. Count II is a claim for unpaid trust fund recovery penalties for certain taxable periods in 1997, 1998, and 2004–08.[4] The United States alleges that for the identified taxable periods Smith—based on his association with The Listener Group CRM, Inc., or its predecessor entities (collectively, "TLG")—willfully failed to collect, truthfully account for, and pay over the employees' share of certain employment taxes. A delegate of the Secretary of the Treasury assessed trust fund recovery penalties pursuant to 26 U.S.C. § 6672 against Smith. Despite notices and demands for payment, Smith has failed or refused to pay the full amount of the assessments. As relief, the United States seeks judgment in its favor for unpaid income taxes and for unpaid trust fund recovery penalties, plus interest, other statutory accruals until full payment, and costs.

Smith was served with process on November 16, 2009 (Doc. 6), making his responsive pleading due on or before December 7, 2009. Smith filed an untimely motion for an enlargement of time in which to answer, which the court granted, extending the time to file through February 1, 2010 (Docs. 7, 8). When Smith failed to answer or otherwise defend this action by the appointed date, the United States submitted an application for entry of default against Smith (Doc. 9). In light of Smith's pro se status, the court on February 18, 2010, deferred entry of default and gave Smith until March 1, 2010, in which to plead or otherwise respond; the court further directed that, failing such action by Smith, the clerk would enter default (Doc. 10). Smith failed to timely respond. Accordingly, the clerk entered a default against him on March 5, 2010 (Doc. 11). Subsequently, the United States filed its instant motion for default judgment (Doc. 12). In its accompanying memorandum in support of the motion, the United States outlines the procedural history of this case.

---

[2] *See* Doc. 4 at 2.

[3] A tax "assessment" is a procedure in which the Internal Revenue Service ("IRS") records the liability of the taxpayer in its files. Behren v. United States, 82 F.3d 1017, 1018 n.1 (11th Cir. 1996) (citations omitted).

[4] The following quarterly periods are identified: 1997 (4th); 1998 (2nd); 2004 (4th); 2005 (1st–4th); 2006 (2nd–4th); 2007 (1st, 2nd, and 4th); and 2008 (1st and 2nd) (Doc. 4 at 4–5).

It also reiterates the allegations set forth in the amended complaint and supports them with the declaration of Susan Shaw, the IRS revenue officer assigned to collect the unpaid federal income tax and trust fund recovery penalty assessments against Smith (Doc. 12-1).  In her declaration, Ms. Shaw states that she "conducted a search of the Internal Revenue Service records within my custody and control that relate to the tax liability of Smith" (*id.* at 1).  She attaches to her declaration copies of master file Account Transcripts for the income tax assessments and trust fund recovery penalties at issue that were entered against Smith and summarizes these records in her declaration.  Also, Ms. Shaw declares that notices of the assessments and demands for payment were made on Smith but that Smith has failed and refused to pay the entire amount of the assessments.  According to Ms. Shaw, Smith is not an infant or a person in the military service or otherwise exempted from default judgment under the Service Members Civil Relief Act, 50 App. U.S.C. § 501, *et. seq*.  Ms. Shaw reports that as of May 31, 2010, Smith owes a total of $168,835.05 in income tax liabilities and a total of $277,015.26 in trust fund recovery penalty liabilities, plus further interest and statutory additions thereon.[5]

**Discussion**

Federal Rule of Civil Procedure 55 sets out a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default.  Fed. R. Civ. P. 55(a).  Second, after entry of the clerk's default, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant for not appearing or defending.  Fed. R. Civ. P. 55(b)(2).

After a default has been entered pursuant to Rule 55(a), in order to determine whether the moving party is entitled to default judgment pursuant to Rule 55(b) the court must review the sufficiency of the complaint and its underlying substantive merits. 10 James Wm. Moore et al., Moore's Federal Practice § 55.20[2][b] (3d ed. 2007); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).  In defaulting, a defendant "admit[s] the plaintiff's well-pleaded allegations of fact" for purposes of liability.  Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir.

---

[5] On June 11, 2010, this court entered an order providing Smith with fourteen (14) days in which to respond to the United States' motion for default judgment (*see* Doc. 13).  As of the date of the filing of this Report, Smith has failed to respond.  Indeed, there has been no activity in this case since the order dated June 11 was issued.

1987). If the facts alleged in the complaint are sufficient to establish liability, the court must then conduct an inquiry to ascertain the amount of damages. Arista Records, Inc. v. Beker Enter., Inc., 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). An evidentiary hearing may be required to determine the amount of damages; however, where the record is sufficient, a court may be able to determine damages without a hearing. *See* Sec. & Exch. Comm'n v. Smyth, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (stating that no hearing is necessary "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages"); Adolph Coors Co. v. Movement Against Racism and The Klan, 777 F.2d 1538, 1544 (11th Cir. 1985). In other words, although a defaulted party admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. *See* Smith v. Noso, Inc., No. 6:06cv1123/Orl/28KRS, 2007 WL 2254531, at *2 (M.D. Fla. August 3, 2007). Thus even in the default judgment context "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003).

In its motion the United States addresses Count II of the amended complaint first; the court shall do likewise. As noted, in Count II the United States seeks unpaid trust fund recovery penalties for certain taxable periods in 1997, 1998, and 2004–08. As the United States submits in its memorandum, 26 U.S.C. §§ 3102(a) and 3402(a) require an employer to deduct and withhold income taxes from the wages paid to its employees. 26 U.S.C. §§ 3102(a), 3402(a). These withheld taxes, or "trust fund taxes," are to be held by the employer in a "special fund in trust for the United States." *Id.* § 7501(a). The withheld taxes are for the exclusive use of the United States; the employer may not use them to pay any of its business expenses. 26 U.S.C. §§ 3102(b), 3403, 7501(a). The tax code further provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

§ 6672(a). A "person" is defined to include "an officer or employee of a corporation, or a member

or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." § 6671(b). The Eleventh Circuit Court of Appeals has held that the test for liability under § 6672(a) may be reduced to two elements: "(1) a reasonable person (2) who has willfully failed to perform a duty to collect, account for, or pay over federal employment taxes." Thosteson v. United States, 331 F.3d 1294, 1298 (11th Cir. 2003).

As noted, when, as in this case, a party fails to respond to a complaint and default is entered, the court must accept as true the well-pleaded factual allegations in the complaint. *See* Cotton v. Mass. Mutual Life Ins. Co., 402 F.3d 1267, 1270 (11th Cir. 2005). The United States' allegations in the amended complaint—uncontested by Smith—include that Smith was a responsible person of TLG and that despite notices and demands for payment he willfully failed to collect, truthfully account for, and pay over the employees' share of employment taxes owed by TLG for certain specified taxable periods in 1997, 1998, and 2004–08 (Doc. 4 at 3–4). Accepting these well-pleaded allegations as true, the court readily concludes they establish Smith's liability for the identified trust fund recovery penalties assessed against him for the relevant periods.

As to Count I, with respect to Smith's liability for unpaid federal income tax assessments, the court likewise concludes that the uncontested allegations of the amended complaint are well-pleaded. "In essence, a deficiency as defined in the [tax code] is the amount of tax imposed less any amount that may have been reported by the taxpayer on his return." Laing v. United States, 423 U.S. 161, 173–74, 96 S. Ct. 473, 46 L. Ed. 2d 416 (1976)). The tax code further provides that if the IRS "determines that there is a deficiency . . . [it] is authorized to send notice of such deficiency to the taxpayer . . . ." 26 U.S.C. § 6212(a). Mailing a notice of deficiency is a statutory prerequisite to establishing a valid tax assessment. *See* 26 U.S.C. § 6213(a); Tavano v. Comm'r, 986 F.2d 1389, 1390 (11th Cir. 1993). The United States' assertions in the amended complaint—including that Smith filed tax returns for tax years 2000, 2001, and 2005 but failed to pay his income tax liabilities, was given notice of tax assessments for those years and demand for payment, but has failed or refused to pay the entire amount due (*id.* at 2–3)—are satisfactory to allege Smith's liability for unpaid federal income tax assessments for tax years 2000, 2001, and 2005.

The court must next consider the amount of Smith's liability on the trust fund recovery penalties and unpaid federal income tax assessments, i.e., the amount of "damages" due to the

United States. On the record before it, the court is able to determine the amounts in this case without a hearing. *See* Sec. & Exch. Comm'n, 420 F.3d at 1231, 1232 n.13. A tax assessment made by the IRS constitutes a "determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes," and such a determination "is entitled to a legal presumption of correctness." United States v. Lena, 370 Fed. App'x 65, 69 (11th Cir. 2010), citing United States v. Fior D'Italia, Inc., 536 U.S. 238, 242, 122 S. Ct. 2117, 2122, 153 L. Ed. 2d 280 (2002) (internal quotation marks omitted). *See also* United States v. Chila, 871 F.2d 1015, 1018–19 (11th Cir. 1989); George v. United States, 819 F.2d 1008, 1013 (11th Cir. 1987) ("The commissioner's determination of a tax deficiency is presumed to be correct."). Accordingly, it is the taxpayer's burden to prove that the IRS's computations concerning the amount of the assessment are erroneous. Pollard v. Comm'r of IRS, 786 F.2d 1063, 1066 (11th Cir. 1986).

As discussed previously, the declaration of Ms. Shaw and the attached Account Transcripts reflect that a delegate of the Secretary of the Treasury made a determination as to the trust fund recovery penalties and income tax liabilities, including interest, owed by Smith for the tax periods at issue. The Secretary's assessments are due a presumption of correctness, which Smith has not rebutted. Thus the court concludes that, as its records support, the United States is entitled to judgment in the amounts of $168,835.05 in income tax liabilities and $277,015.26 in trust fund recovery penalty liabilities, or a total of $445,850.31, as of May 31, 2010, plus further interest and statutory additions thereon.

**Conclusion**

For the foregoing reasons, the court recommends that the United States' motion for default judgment (Doc. 12) be granted and judgment be entered in the United States' favor.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That the United States' motion for default judgment (Doc. 12) be **GRANTED**.

2.      That the clerk enter judgment in favor of the United States and against Defendant Robert W. Smith for income tax liabilities for tax years 2000, 2001 and 2005, and for trust fund recovery penalties for the fourth quarter of 1997; the second quarter of 1998; the fourth quarter of 2004; the first, second, third, and fourth quarters of 2005; the second, third, and fourth quarters of 2006; the first, second, and fourth quarters of 2007; and the first and second quarters of 2008, in the

amount of $445,850.31 as of May 31, 2010, plus fees, interest pursuant to 28 U.S.C. § 1961(c) and

26 U.S.C. §§ 6621 and 6622, and all statutory additions thereafter as provided by law, until paid.

     3.      That this case be **CLOSED.**

At Pensacola, Florida this <u>8th</u> day of November 2010.


     /s/ *Elizabeth M. Timothy*
     **ELIZABETH M. TIMOTHY**
     **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**